**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3052
_____

MARK ADAMS; AV SELECT INVESTMENTS, LLC; DR. GREGORY SIMONIAN;
WADE HARTMAN; FRANK EDWARD SMITH

v.

JOHN H. KLEIN,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil No. 1:18-cv-01330)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2022
Before:  RESTREPO, PHIPPS and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 25, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

John H. Klein appeals pro se from the District Court's judgment, which followed a bench trial and awarded damages to plaintiffs on several claims brought against Klein. For the following reasons, we will affirm the District Court's judgment.

I.

Because we write primarily for the parties, we recite only the facts necessary for our discussion; these facts are undisputed unless otherwise noted.[1] Klein was the founder and CEO of Cambridge Therapeutic Technologies ("CTT"). CTT's business model was the creation of pre-packaged combinations of generic pharmaceutical drugs ("Compliance PACs"), which were to be distributed from doctors' offices. CTT operated as a New Jersey LLC ("CTT-NJ") until 2016, when its operating entity changed to a Delaware LLC ("CTT-DE").

Plaintiffs — Mark Adams, AV Select Investments, LLC ("AV Select"), Dr. Gregory Simonian, Wade Hartman, and Frank Edward Smith — all purchased shares in CTT-NJ from Klein, after he presented them with information about CTT and its projected earnings. In those presentations, Klein stated in writing that CTT had fully developed a Compliance PAC, that CTT owned one federally registered New Drug Application ("NDA"), and that CTT owned four valuable Investigational New Drug

---

[1] To the extent that Klein does not discuss certain facts in his opening brief, we consider them to be undisputed. We do not reach any of the allegations or arguments that Klein raises "for the first time in [his] reply brief." See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

applications ("INDs") registered with the Food and Drug Administration. Klein indicated that pharmaceutical suppliers and proprietary dispensing software had been secured, and that Compliance PACs would be ready for launch within months. Klein predicted millions of dollars in projected earnings for CTT in the coming years, which all plaintiffs found to be plausible because of Klein's previous experience in the pharmaceutical industry and his representations that CTT's products were ready to go to market.

Between October 2014 and November 2015, plaintiffs purchased shares of CTT-NJ from Klein, with several months separating each plaintiff's purchase.[2] According to plaintiffs, Klein told each of them that they would be CTT's first outside investor and that Klein owned 100% of the shares in CTT at the time of each purchase.[3] Each plaintiff purchased shares with the understanding that the money would be an investment in the business, to be used to get it off the ground.

Klein used a substantial amount of each plaintiff's payment for personal expenses and reimbursements to prior, undisclosed investors in CTT. Klein contends that he was free to personally spend the money for any purpose, maintaining that the payments were not investments in CTT. He also maintains that each investor should have known that the business was in the early conceptual stages of development and that his presentations

---

[2] Adams paid over $580,000 for six shares in October 2014. AV Select paid $450,000 for three shares in January 2015. Simonian paid $600,000 for three shares in August 2015. Hartman and Smith paid $400,000 for two shares in November 2015.

[3] Klein's sales to Simonian, Hartman, and Smith were memorialized in written agreements, explicitly stating that Klein was the owner of 100% of the shares in CTT.

merely represented his vision and ideas for the company, not its readiness for immediate launch.

In 2016, CTT received an investment of over $12 million from a non-party, after which CTT transferred its operating business from CTT-NJ to CTT-DE. Plaintiffs were not listed as investors in CTT-DE, as Klein was again listed as the owner of 100% of CTT-DE's shares. CTT never owned the NDA or INDs that Klein identified to plaintiffs, and as of early 2017, CTT's Compliance PAC business had ended. As a result, plaintiffs' investments are valueless.

In 2018, plaintiffs filed a civil action against Klein in the District Court. In their amended complaint, they sought damages for (1) federal securities fraud under Section 10(b) of the Securities and Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5, (2) fraud in violation of the New Jersey Uniform Securities Act ("NJUSA"), (3) common law fraud/intentional misrepresentation, (4) negligent misrepresentation, and (5) unjust enrichment.[4]

The District Court proceedings culminated in a four-day bench trial in April 2021. Following post-trial briefing, the District Court issued a bench opinion. The District Court concluded that plaintiffs had proven their federal securities fraud claims, as well as

---

[4] Klein also brought counterclaims against Adams; the District Court dismissed one counterclaim and granted summary judgment in favor of Adams on the other. Klein has forfeited any challenge to those decisions by failing to address them in his opening brief. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

their NJUSA and common law fraud claims.[5]  Klein has timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291.  "After a bench trial, . . . we review the District Court's factual findings, and mixed questions of law and fact, for clear error, and we review the Court's legal conclusions *de novo*."  Alpha Painting & Constr. Co. Inc. v. Del. River Port Auth. of Pa. & N.J., 853 F.3d 671, 682-83 (3d Cir. 2017).

## III.

To prevail on their federal securities fraud claims, plaintiffs needed to prove the following:  (1) a material misrepresentation or omission; (2) "scienter, *i.e.*, a wrongful state of mind"; (3) "a connection with the purchase or sale of a security"; (4) reliance; (5) economic loss; and (6) "loss causation, *i.e.*, a causal connection between the material misrepresentation and the loss."  See Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005) (internal quotation marks and certain emphasis omitted).  The District Court determined that Klein made *five* material misrepresentations to plaintiffs, and that plaintiffs satisfied the other five elements of the aforementioned test.

Klein's opening brief challenges the District Court's findings as to three of the material misrepresentations, but he does not cite record evidence to support his

---

[5]  The District Court concluded that it need not decide plaintiffs' claims for negligent misrepresentation and unjust enrichment, which were brought in the alternative to their fraud claims.  Further, the District Court determined that Simonian had proven a breach of contract claim that he independently brought against Klein.  Klein does not discuss the breach of contract claim in his opening brief and thus has forfeited any challenge to its resolution.  See Pelullo, 399 F.3d at 222.

arguments.  See Fed. R. App. P. 28(a)(8) (explaining that an appellant's "argument . . .

must contain . . . [the] appellant's contentions and the reasons for them, with citations to

the authorities and parts of the record on which the appellant relies"); 3d Cir. L.A.R.

28.3(c) ("All assertions of fact in briefs must be supported by a specific reference to the

record."); see also Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 n.8 (3d Cir.

2006) ("Judges are not like pigs, hunting for truffles buried in the record.") (quotation

marks and citation omitted).  Furthermore, even if Klein's arguments had record support,

his opening brief does not challenge the District Court's findings regarding the other two

material misrepresentations, which are supported by the record and are sufficient to meet

the first element of the six-part test.

As for the remaining five elements of the test, the only direct argument that Klein

makes in his opening brief is his contention that if those elements could be established,

"why did we not hear about it until [two] years later."[6]  See Appellant's Opening Br. at

ECF p. 29.  We construe this argument as a challenge to the credibility of plaintiffs'

testimony, but Klein does not cite any evidence showing that the District Court erred in

crediting plaintiffs' testimony over his.  We thus discern no clear error in the District

Court's findings of fact and no error in its legal conclusions on plaintiffs' federal

---

[6]  To the extent that Klein makes other arguments indirectly relating to these remaining
elements, based on allegations without record citations or support, we conclude that none
entitles him to any relief here.

securities fraud claims.[7]

Klein also contests the District Court's damages award, which included the cost of each plaintiff's investment, punitive damages under New Jersey law for the common law fraud claims, and prejudgment interest. Klein admits in his opening brief that plaintiffs' investments are now valueless but argues that plaintiffs' loss should have been offset by earned compensation that they later received for work they did with CTT. However, he has not cited to any record evidence to support this argument.[8] See Fed. R. App. P. 28(a)(8). We see no reason to disturb the District Court's damages calculation.

For these reasons, we will affirm the judgment of the District Court.

---

[7] Although Klein does not specifically address the District Court's resolution of plaintiffs' NJUSA and common law fraud claims in his opening brief, these claims share many elements with plaintiffs' federal securities fraud claims. See Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007); N.J. Stat. Ann. § 49:3-71(a)(2), (b)(1)-(2). For the reasons discussed above, Klein's arguments concerning those elements do not warrant disturbing the District Court's disposition of the NJUSA or common law fraud claims.

[8] Klein's appellate filings contain numerous other factual allegations that are not supported by the record and are not relevant to the disposition of plaintiffs' claims.